IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ABAYOMI MARTIN, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THG RESTAURANT GROUP, LLC and WOODROW A. HALL, Individually, | ) ) ) |
| Defendant. | |

FILED: MARCH 28, 2008
08CV1801 RCC
JUDGE SHADUR
Case No. MAGISTRATE JUDGE SCHENKIER

**JURY DEMAND REQUESTED**

## COMPLAINT

Plaintiff Abayomi Martin, on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendants THG Restaurant Group, LLC and Woodrow A. Hall, individually, (collectively "Defendants") states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. Plaintiff also brings individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("FWPCA") for: (1) Defendants' unauthorized deductions from Plaintiff's wages; and (2) Defendants' failure and refusal to compensate Plaintiff for all time worked. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

## THE PARTIES

2.      Plaintiff Abayomi Martin resides in and is domiciled within this judicial district.

3.      In the prior three years, Plaintiff was employed by Defendants as an "employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(I) of the FLSA, 29 U.S.C. §203(e)(1).

4.      During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.,* or the FLSA, 29 U.S.C. §207.

5.      During the course of his employment by Defendants, Defendants did not pay Plaintiff the requisite minimum salary of $455 per week as required by the FLSA and IMWL to qualify for an exemption. In addition, Defendants had an actual practice of making improper deductions from Plaintiff's predetermined salary which defeats any claim to exemption.

6.      During the course of his employment, Plaintiff engaged in commerce and handled goods, including food products and other supplies, which moved in and were produced in interstate commerce.

7.      Defendant THG Restaurant Group, LLC is a foreign corporation doing business within this judicial district. Defendant THG Restaurant Group, LLC is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203 (s)(1)(A).

8.      Defendant THG Restaurant Group, LLC's and/or its predecessor's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2005, 2006, and 2007.

9.     Defendant Woodrow A. Hall is involved in the day to day business operation of Defendant THG Restaurant Group, LLC.  Defendant Woodrow A. Hall has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

10.     Defendants were Plaintiff's "employer(s)" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## BACKGROUND FACTS

11.     Defendants operate several "Popeye's" Fried Chicken restaurants located within the Chicago area.

12.     Defendants' restaurants are commonly owned by Defendants.

13.     Defendants' restaurants utilize the same payroll practices that are alleged herein to violate the FLSA and IMWL.

14.     Defendants failed to accurately record actual hours worked by Plaintiff and other similarly-situated employees as required by the FLSA, 29 C.F.R. §516.2(a)(7).

15.     Defendants share a common business purpose.

16.     The payroll for Defendants' restaurants is prepared at a common location by the same employees.

## JURISDICTION AND VENUE

17.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I

### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

18.     Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* for Defendants' failure to pay overtime wages to Plaintiff for all time he worked in excess of forty (40) hours per week.

20.     Plaintiff was regularly directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

21.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

22.     Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

23.     Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

24.     Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

25.     Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work performed in excess of forty (40) hours per week.

4

26.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff and the collective class demand that the Court enter judgment in their favor on this Complaint and:

A.     Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all similarly situated employees of Defendants who currently work or have worked for Defendants within the last three years;

B.     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former similarly situated employees of Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C.     Certify a class of similarly-situated employees of Defendants who, at any time during the relevant statute of limitations period, worked more than 40 hours in a week, but did not receive overtime pay;

D.     Declare and find that the Defendants committed one or more of the following acts:

   i.   Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt-in to this action;

   ii.  Willfully violated overtime provisions of the FLSA;

E.     Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F.     Award interest on all overtime compensation due accruing from the date such amounts were due;

G.     Award liquidated damages on all overtime compensation due accruing from the date such amounts were due;

H.     Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I.     Grant leave to amend to add claims under applicable state and federal laws;

J.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K.    For such further relief as the Court deems just and equitable.

## COUNT II

### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

27.    Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

29.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

30.    At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

31.    Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

32.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week

33.    .Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent

(2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the Illinois Wage Payment and Collection Act — Unpaid Wages
### (Plaintiff individually only)

34.     Plaintiff hereby realleges and incorporates paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35.     Defendants were Plaintiff's "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

36.     Defendants were Plaintiff's "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

37.     Defendants greed to compensate Plaintiff for his work at the rate agreed to by the parties.

38.     Defendants failed to compensate Plaintiff for all time he worked for Defendants at the rate agreed to by the parties in violation of the IWPCA.

39.     Defendants violated the IWPCA by refusing to compensate Plaintiff for all time he worked for Defendants.

40.    Plaintiff has been damaged by Defendants' failure to compensate his for all time he worked at the rate agreed to by the parties.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of all back wages due, as provided by the IWPCA;

B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV

### Violation of the Illinois Wage Payment and Collection Act — Unauthorized Deductions
### (Plaintiff individually only)

41.    Plaintiff hereby realleges and incorporates paragraphs 1 through 40 of this Complaint.

42.    This count arises from Defendants' violation of the IWPCA for taking unauthorized deductions from the earned wages of Plaintiff.

43.    During the course of Plaintiff's employment, Defendants regularly made deductions from Plaintiff's wages.

44.    Among other reasons, Defendants took deductions from Plaintiff's wages for losses of inventory and cash shortages. See, for example, the timecards attached hereto as Group Exhibit B, showing that deductions were taken from Plaintiff's wages.

45.    Such deductions (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

46.    Defendants violated the IWPCA, 820 ILCS 115/9, by making illegal

deductions from Plaintiff's earned wages.

47.    Plaintiff was damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of all back wages due to Plaintiff as provided by the Illinois Wage Payment and Collection Act;

B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2; and

C.    Such other and further relief as this Court deems appropriate and just.

Dated: _3/28/08_                    Respectfully Submitted,

Attorneys for the Plaintiffs
James B. Zouras
Ryan F. Stephan
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 f

08CV1801
JUDGE SHADUR
MAGISTRATE JUDGE SCHENKIER

## CONSENT TO BECOME PARTY PLAINTIFF

**Martin v. THG Restaurant Group, LLC, et al.**
United States District Court, Northern District
of Illinois, Eastern Division

Complete and Mail To:
ATTN: THG RESTAURANT OVERTIME ACTION
Stephan Zouras, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601 OR
**FAX to: (312) 233-1560 OR
EMAIL to: lawyers@stephanzouras.com**

By signing below, I state that I have been employed by THG Restaurant Group, LLC, Woodrow A. Hall, or one of their subsidiaries or affiliates as an hourly employee within the past three (3) years and that I worked more than forty (40) hours in at least one week and was not paid for all of the time I worked overtime and/or that I worked regular time in at least one week for which I was not paid minimum wage. I hereby consent to join this lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*

I hereby designate the law firm of Stephan Zouras, LLP and other attorneys with whom they may associate to represent me for all purposes of this action.

5-18-08
Date _____

Signature _____

*Abayomi Martin*
Print Name _____

*5248 S Michigan Ave.*
Address _____

*Chicago  IL  60615*
City, State, Zip Code _____

*773-440-9081*
Telephone Number _____

Email Address _____

**\*Statute of Limitations concerns mandate that you return
this form as soon as possible to preserve your rights.**


PLAINTIFF'S
EXHIBIT
A

THG Restaurant Group LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30339

EMP 605449  353.  Martin Abayomi

Processed by Corporate Payroll Service

08/18/2007  09/01/2007

CHECK 9285

| EARNINGS | HRS/UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 15.59 | 884.62 | 8299.68 |

| DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|
| Fed Withhold | 57.69 | 522.25 |
| Employee FICA | 67.68 | 634.93 |
| IL State W/H | 26.54 | 249.01 |
| Variances | 11.61 | 11.61 |

4700 S. Lake Park Av
Chicago        IL 60615
WARNING: Invalid Social Security Number
Federal Marital Status:      M
Federal Exemptions:          0
IL State Marital Status:     M
IL State Exemptions:         0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY |
|---|---|---|---|
|  | 884.62 | 163.52 | 721.10 |

| Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|
| 8299.68 | 1417.80 | 6881.88 |


PLAINTIFF'S EXHIBIT B

THG Restaurant Group LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30639

Processed by Corporate Payroll Services

EMP 605449   352   Martin Abayomi

09/02/2007  09/15/2007   CHECK 9333

| EARNINGS | HRS/UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 109.94 | 884.62 | 9184.30 |
| Bonus | .00 | 88.46 | 88.46 |

| DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|
| Fed Withhold | 70.29 | 592.54 |
| Emplyee FICA | 74.44 | 709.37 |
| IL State W/H | 29.19 | 278.20 |
| Variances | 85.00 | 96.61 |

4700 S. Lake Park Av
Chicago     IL 60615
WARNING: Invalid Social Security Number
Federal Marital Status:    M
Federal Exemptions:        0
IL State Marital Status:   M
IL State Exemptions:       0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY |
|---|---|---|---|
| 973.08 | 258.92 | 714.16 | |

| Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|
| 9272.76 | 1676.72 | 7596.04 |

THG Restaurant Group LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30339

Processed by Corporate Payroll Services

EMP# 605449  352.  Martin Ahayomi

CHECK NO. 9478

PERIOD BEG. 09/16/2007  PERIOD END 09/29/2007

| EARNINGS | HRS/UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 111.59 | 884.62 | 10068.92 |
| Bonus | .00 | 88.46 | 176.92 |

| DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|
| Fed Withhold | 70.29 | 662.83 |
| Emplyee FICA | 74.44 | 783.81 |
| IL State W/H | 29.19 | 307.39 |
| Variances | 148.39 | 245.00 |

4700 S. Lake Park Av
Chicago       IL 60615
WARNING: Invalid Social Security Number
Federal Marital Status:     M
Federal Exemptions:         0
IL State Marital Status:    M
IL State Exemptions:        0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY |
|---|---|---|---|
| 973.08 | 322.31 | 650.77 | |

| Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|
| 10245.84 | 1999.03 | 8246.81 |

THG Restaurant Group LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30339

Processed by Corporate Payroll Services

605449   352     Martin Abayomi

09/30/2007  10/13/2007     CHECK 9627

| EARNINGS | HRS/UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 116.69 | 884.62 | 10953.54 |
| Bonus | .00 | 88.46 | 265.38 |

| DEDUCTIONS | | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Fed Withhold | | 70.29 | 733.12 |
| Emplyee FICA | | 74.44 | 858.25 |
| IL State W/H | | 29.19 | 336.58 |
| Cash Short | | 18.76 | 18.76 |
| Variances | | .00 | 245.00 |

4700 S. Lake Park Av
Chicago          IL 60615
WARNING: Invalid Social Security Number
Federal Marital Status:     M
Federal Exemptions:         0
IL State Marital Status:    M
IL State Exemptions:        0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY | Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|---|---|---|---|
| 973.08 | 192.68 | 780.40 | | 11218.92 | 2191.71 | 9027.21 |

THG Restaurant Group, LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30339

Processed by Corporate Payroll Services

| EMP. ID | DEPT. | EMPLOYEE NAME |
|---|---|---|
| 605449 | 352 | Martin Abayomi |

PERIOD BEG. 11/25/2007   PERIOD END. 12/08/2007
CHECK NO. 10249

| EARNINGS | HRS./UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 108.13 | 884.62 | 14492.02 |
| Bonus | .00 | .00 | 353.84 |

| DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|
| Fed Withhold | 57.69 | 976.48 |
| Emplyee FICA | 67.68 | 1135.71 |
| IL State W/H | 26.54 | 445.39 |
| Cash Short | 283.12 | 301.88 |
| Variances | .00 | 245.00 |

4700 S. Lake Park Av
Chicago      IL 60615
WARNING: Invalid Social Security Number
Federal Marital Status:      M
Federal Exemptions:          0
IL State Marital Status:     M
IL State Exemptions:         0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY | Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|---|---|---|---|
| | 884.62 | 435.03 | 449.59 | 14845.86 | 3104.46 | 11741.40 |

THG Restaurant Group LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30339

Processed by Corporate Payroll Services

Emp 605449  352.  Martin Abayomi

12/24/2007  01/05/2008  Period Ending  01/05/2008

| EARNINGS | HRS/UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 84.37 | 834.82 | 834.82 |

| DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|
| Fed Withhold | 52.71 | 52.71 |
| Emplyee FICA | 63.86 | 63.86 |
| IL State W/H | 25.04 | 25.04 |
| Cash Short | 5.44 | 5.44 |
| Variances | 35.64 | 35.64 |

4700 S. Lake Park Av
Chicago      IL 60615

Federal Marital Status:    M
Federal Exemptions:        0
IL State Marital Status:   M
IL State Exemptions:       0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY |
|---|---|---|---|
| | 834.82 | 182.69 | 652.13 |

| Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|
| 834.82 | 182.69 | 652.13 |

THG Restaurant Group LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30339

Processed by Corporate Payroll Services

EMP 605449 352 Martin Abayomi
CHECK 10688
PERIOD 01/06/2008 01/19/2008

| EARNINGS | HRS/UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 86.64 | 619.23 | 1454.05 |

| DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|
| Fed Withhold | 31.15 | 83.86 |
| Emplyee FICA | 47.37 | 111.23 |
| IL State W/H | 18.58 | 43.62 |
| Cash Short | .00 | 5.44 |
| Variances | 183.00 | 218.64 |

4700 S. Lake Park Av
Chicago    IL 60615
WARNING: Invalid Social Security Number
Federal Marital Status: M
Federal Exemptions: 0
IL State Marital Status: M
IL State Exemptions: 0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY |
|---|---|---|---|
|  | 619.23 | 280.10 | 339.13 |
| Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |  |
| 1454.05 | 462.79 | 991.26 |  |

THG Restaurant Group LLC
1770 The Exchange SE, Suite 220, Atlanta, GA 30339

Processed by Corporate Payroll Services

EMP 605449   352   Martin Abayomi

| EARNINGS | HRS./UNITS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|
| Regular | 101.83 | 884.62 | 2338.67 |

PERIOD BEG. 01/20/2008   PERIOD END. 02/02/2008   CHECK NO. 10833

| DEDUCTIONS | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|
| Fed Withhold | 57.69 | 141.55 |
| Emplyee FICA | 67.68 | 178.91 |
| IL State W/H | 26.54 | 70.16 |
| Cash Short | .00 | 5.44 |
| Variances | 618.35 | 836.99 |

4700 S. Lake Park Av
Chicago        IL 60615
WARNING: Invalid Social Security Number
Federal Marital Status:    M
Federal Exemptions:        0
IL State Marital Status:   M
IL State Exemptions:       0

| PAY RATE | CURRENT EARNINGS | CURRENT DEDUCTIONS | NET PAY | Y.T.D. EARNINGS | Y.T.D. DEDUCTIONS | Y.T.D. NET PAY |
|---|---|---|---|---|---|---|
|  | 884.62 | 770.26 | 114.36 | 2338.67 | 1233.05 | 1105.62 |