IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABAYOMI MARTIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THG RESTAURANT GROUP, LLC and WOODROW A. HALL, Individually,<br><br>Defendants. | No. 08CV1801 RCC<br><br>JUDGE SHADUR<br>MAGISTRATE JUDGE SCHENKIER |

## ANSWER AND ADDITIONAL DEFENSES TO COMPLAINT

Defendants, THG Restaurant Group, LLC ("THG" or the "Company") and WOODROW A. HALL, Individually, by and through their attorneys, Littler Mendelson, P.C., in reply to Plaintiff's Complaint state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks. Plaintiff also brings individual claims under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("FWPCA") for: (1) Defendants' unauthorized deductions from Plaintiffs wages; and (2) Defendants' failure and refusal to compensate Plaintiff for all time worked. A copy of Plaintiff's consent form to act as a representative Plaintiff in this collection action under the FLSA is attached hereto as Exhibit A.

**ANSWER:** Without admitting any allegations summarized in Paragraph 1, Defendants admit that Paragraph 1 constitutes an accurate summary of the allegations set forth in Plaintiff's Complaint.

### THE PARTIES

2. Plaintiff Abayomi Martin resides in and is domiciled within this judicial district.

**ANSWER:** Defendants lack sufficient knowledge of Plaintiff's current address to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore deny them.

3. In the prior three years, Plaintiff was employed by Defendants as an "employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(I) of the FLSA, 29 U.S.C. §203(e)(1).

**ANSWER:** Defendants admit that Plaintiff was employed by Defendants as an "employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3, and Section 3(e)(I) of the FLSA, 29 U.S.C. §203(e)(1) between April 2007, and March 2008, but deny the remaining allegations of Paragraph 3.

4. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4, and therefore deny them.

5. During the course of his employment by Defendants, Defendants did not pay Plaintiff the requisite minimum salary of $455 per week as required by the FLSA and IMWL to qualify for an exemption. In addition, Defendants had an actual practice of making improper deductions from Plaintiff's predetermined salary which defeats any claim to exemption.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore deny them.

6. During the course of his employment, Plaintiff engaged in commerce and handled goods, including food products and other supplies, which moved in and were produced in interstate commerce.

**ANSWER:** Defendants admit the allegations of Paragraph 6.

7. Defendant THG Restaurant Group, LLC is a foreign corporation doing business within this judicial district. Defendant THG Restaurant Group, LLC is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203 (s)(l)(A).

**ANSWER:** Defendants admit the allegations of Paragraph 7.

8. Defendant THG Restaurant Group, LLC's and/or its predecessor's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, in the years 2005, 2006, and 2007.

**ANSWER:** Defendants admit the allegations of Paragraph 8.

9. Defendant Woodrow A. Hall is involved in the day to day business operation of Defendant THG Restaurant Group, LLC. Defendant Woodrow A. Hall has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

**ANSWER:** Defendants admit the allegations of Paragraph 9.

10. Defendants were Plaintiff's "employer(s)" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** Defendants admit the allegations of Paragraph 10.

## BACKGROUND FACTS

11. Defendants operate several "Popeye's" Fried Chicken restaurants located within the Chicago area.

**ANSWER:** Defendants admit the allegations of Paragraph 11.

12. Defendants' restaurants are commonly owned by Defendants.

**ANSWER:** Defendants admit the allegations of Paragraph 12.

13. Defendants' restaurants utilize the same payroll practices that are alleged herein to violate the FLSA and IMWL.

**ANSWER:** Defendants admit that their restaurants utilize the same payroll practices. Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13, and therefore deny them.

14. Defendants failed to accurately record actual hours worked by Plaintiff and other similarly-situated employees as required by the FLSA, 29 C.F.R. §516.2(a)(7).

**ANSWER:** Defendants deny the allegations of Paragraph 14.

15. Defendants share a common business purpose.

**ANSWER:** Defendants admit the allegations of Paragraph 15.

16. The payroll for Defendants' restaurants is prepared at a common location by the same employees.

**ANSWER:** Defendants admit the allegations of Paragraph 16.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over Plaintiffs FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C.§ 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendants admit the allegations of Paragraph 17.

## COUNT I

### Violation of the Fair Labor Standards Act - Overtime Wages
### (Plaintiff on his own behalf and on behalf of similarly situated employees)

18. Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to Paragraphs 1 through 17 as their answer to Paragraph 18.

19. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff for all time he worked in excess of forty (40) hours per week.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore deny them.

20. Plaintiff was regularly directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore deny them.

21. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

**ANSWER:** Defendants deny the allegations of Paragraph 21.

22. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:** Defendants admit the allegations of Paragraph 22.

23. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:** Defendants deny the allegations of Paragraph 23.

24. Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:** Defendants deny the allegations of Paragraph 24.

25. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work performed in excess of forty (40) hours per week.

**ANSWER:** Defendants deny the allegations of Paragraph 25.

26. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for time worked in excess of forty (40) hours per week.

**ANSWER:** Defendants deny the allegations of Paragraph 26.

### [PRAYER FOR DAMAGES AS TO COUNT I]

WHEREFORE, Plaintiff and the collective class demand that the Court enter judgment in their favor on this Complaint and:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all similarly situated employees of Defendants who currently work or have worked for Defendants within the last three years;

B. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former similarly situated employees of Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C. Certify a class of similarly-situated employees of Defendants who, at any time during the relevant statute of limitations period, worked more than 40 hours in a week, but did not receive overtime pay;

D. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated persons who opt-in to this action;

   ii. Willfully violated overtime provisions of the FLSA;

E. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F. Award interest on all overtime compensation due accruing from the date such amounts were due;

G. Award liquidated damages on all overtime compensation due accruing from the date such amounts were due;

H. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I. Grant leave to amend to add claims under applicable state and federal laws;

J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K. For such further relief as the Court deems just and equitable.

**ANSWER:** Plaintiff's Prayer for Damages as to Count I does not constitute an "allegation" against Defendants under Federal Rule of Civil Procedure 8(c), and, as such, Defendants need not respond. Nevertheless, Defendants deny that Plaintiff is entitled to the relief sought in his Prayer for Damages as to Count I.

## COUNT II

### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

27. Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

**ANSWER:** Defendants incorporate their answers to Paragraphs 1 through 26 as their answer to Paragraph 27.

28.   This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C.§ 1367.

**ANSWER:**   Defendants admit the allegations of Paragraph 28.

29.   The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

**ANSWER:**   Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 29.

30.   At all relevant times herein, Defendants were Plaintiffs "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

**ANSWER:**   Defendants admit the allegations of Paragraph 30.

31.   Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

**ANSWER:**   Defendants deny the allegations of Paragraph 31.

32.   Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

**ANSWER:**   Defendants deny the allegations of Paragraph 32.

33.   Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**   Defendants deny the allegations of Paragraph 33.

### [PRAYER FOR DAMAGES AS TO COUNT II]

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B.   Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.   Reasonable attorneys' fees and costs incurred in filing this action; and

D.   Such other and further relief as this Court deems appropriate and just.

**ANSWER:**   Plaintiff's Prayer for Damages as to Count II does not constitute an "allegation" against Defendants under Federal Rule of Civil Procedure 8(c), and, as such, Defendants need not respond.  Nevertheless, Defendants deny that Plaintiff is entitled to the relief sought in his Prayer for Damages as to Count II.

## COUNT III

### Violation of the Illinois Wage Payment and Collection Act -Unpaid Wages
### (Plaintiff individually only)

34.   Plaintiff hereby realleges and incorporates paragraphs 1 through 33 of this Complaint, as if fully set forth herein,

**ANSWER:**   Defendants incorporate their answers to Paragraphs 1 through 33 as their answer to Paragraph 34.

35.   Defendants were Plaintiffs "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

**ANSWER:**   Defendants admit the allegations of Paragraph 35.

36.   Defendants were Plaintiff's "employer(s)" as defined in the IWPCA, 820 ILCS 115/1 et *seq.*, and Plaintiff was Defendants' "employee" within the meaning of that Act.

**ANSWER:**   Defendants admit the allegations of Paragraph 36.

37.   Defendants agreed to compensate Plaintiff for his work at the rate agreed to by the parties.

**ANSWER:**   Defendants admit the allegations of Paragraph 37.

38.   Defendants failed to compensate Plaintiff for all time he worked for Defendants at the rate agreed to by the parties in violation of the IWPCA.

**ANSWER:**   Defendants deny the allegations of Paragraph 38..

39.   Defendants violated the IWPCA by refusing to compensate Plaintiff for all time he worked for Defendants.

**ANSWER:**   Defendants deny the allegations of Paragraph 39.

40.     Plaintiff has been damaged by Defendants' failure to compensate him for all time he worked at the rate agreed to by the parties.

**ANSWER:** Defendants deny the allegations of Paragraph 40.

### [PRAYER FOR DAMAGES AS TO COUNT III]

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all back wages due, as provided by the IWPCA;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.      Such other and further relief as this Court deems appropriate and just.

**ANSWER:** Plaintiff's Prayer for Damages as to Count III does not constitute an "allegation" against Defendants under Federal Rule of Civil Procedure 8(c), and, as such, Defendants need not respond. Nevertheless, Defendants deny that Plaintiff is entitled to the relief sought in his Prayer for Damages as to Count III.

### COUNT IV

### Violation of the Illinois Wage Payment and Collection Act- Unauthorized Deductions
### (plaintiff individually only)

41.     Plaintiff hereby realleges and incorporates paragraphs 1 through 40 of this Complaint.

**ANSWER:** Defendants incorporate their answers to Paragraphs 1 through 40 as their answer to Paragraph 41.

42.     This count arises from Defendants' violation of the IWPCA for taking unauthorized deductions from the earned wages of Plaintiff.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore deny them.

43.     During the course of Plaintiffs employment, Defendants regularly made deductions from Plaintiff's wages.

**ANSWER:** Defendants admit that they regularly made authorized deductions from Plaintiff's wages, but deny that they made any unauthorized deductions from Plaintiff's wages.

44. Among other reasons, Defendants took deductions from Plaintiffs wages for losses of inventory and cash shortages. See, for example, the timecards attached hereto as Group Exhibit B, showing that deductions were taken from Plaintiffs wages.

**ANSWER:** Defendants admit the allegations of Paragraph 44.

45. Such deductions (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

**ANSWER:** Defendants deny the allegations of Paragraph 45.

46. Defendants violated the IWPCA, 820 FLCS 115/9, by making illegal deductions from Plaintiff's earned wages.

**ANSWER:** Defendants deny the allegations of Paragraph 46.

47. Plaintiff was damaged by Defendants' violation of the IWPCA.

**ANSWER:** Defendants deny the allegations of Paragraph 47.

### [PRAYER FOR DAMAGES AS TO COUNT IV]

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due to Plaintiff as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2; and

C. Such other and further relief as this Court deems appropriate and just.

**ANSWER:** Plaintiff's Prayer for Damages as to Count IV does not constitute an "allegation" against Defendants under Federal Rule of Civil Procedure 8(c), and, as such, Defendants need not respond. Nevertheless, Defendants deny that Plaintiff is entitled to the relief sought in his Prayer for Damages as to Count IV.

### ADDITIONAL DEFENSES

1. To the extent that they are barred by the doctrines of waiver, estoppel, unclean hands and/or laches, Plaintiff's claims must be dismissed.

2. Plaintiff's claims are barred by his failure to meet the procedural prerequisites to bring his claims.

3. To the extent Plaintiff has failed to make reasonable efforts to mitigate his damages (including by his failure to make adequate efforts to request the amounts sought in this lawsuit prior to initiating litigation), his claim for monetary relief must be denied.

4. Plaintiffs claims are barred in part by the Defendants' proper and lawful treatment of Plaintiff under the executive and/or administrative exemptions of the FLSA and the IMWL.

5. To the extent that Plaintiff may be entitled to any recovery for unpaid overtime, such recovery must be reduced by any premiums paid to Plaintiff in recognition for his having worked excess hours in accordance with THG's company policy.

6. Assuming, *arguendo*, that a violation of the FLSA or Illinois law did occur, the act or omission giving rise to such a violation was in good faith, and the violation was not consistent with the intent of THG's company policy, and therefore the remedies and relief Plaintiff requests are not appropriate.

7. Assuming, *arguendo*, that a violation of the FLSA or Illinois law did occur, such a violation resulted from conduct committed in violation of THG's company policy and procedure.

8. Plaintiff cannot satisfy the requirements for a collective action under the FLSA.

9. Some or all of the allegedly "similarly situated" individuals Plaintiff seeks to represent in a collective action under the FLSA were exempt from overtime under the executive and/or administrative exemptions of the FLSA and the IMWL for some or all of the relevant statutory period.

10. Plaintiff is not "similarly situated" as to some or all of the individuals he seeks to represent in this collective action.

11. Litigation of this matter as a collective action would require such individualized inquiries as to the circumstances of individuals within it that collective action treatment would render the case impractical and unworkable, and, accordingly, the case should not be certified as a collective action.

12. Defendants reserve the right to assert additional defenses as they become known through discovery or otherwise.

          Respectfully submitted,
          THG Restaurant Group, LLC and
          Woodrow A. Hall, Defendants

          /s/ Adam C. Wit
          Adam C. Wit

Adam C. Wit (#06230538)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

Dated: May 29, 2008

## CERTIFICATE OF SERVICE

I, Adam C. Wit, an attorney hereby certify that on May 29, 2008, a true and correct copy of the foregoing <u>Answer and Additional Defenses to Complaint</u> was filed electronically, using the CM/ECF System which will automatically send e-mail notifications of such filing to the following attorneys of record.

>James B. Zouras
>Ryan F. Stephan
>Stephan Zouras, LLP
>205 N. Michigan Ave.
>Suite 2560
>Chicago, Illinois 60601


>/s/ Adam C. Wit
>Adam C. Wit

Firmwide:85370739.1 044181.1006